## WILSTED v. NATION.

No. 6235    Decided June 18, 1940.    (103 P. 2d 282.)

*O. H. Matthews,* of Salt Lake City, for appellant.
*Duncan & Duncan,* of Salt Lake City, for respondent.
McDONOUGH, Justice.

Appeal from a judgment entered upon a jury verdict in favor of respondent, plaintiff below. The action was for breach of a promise of marriage, the complaint of plaintiff alleging the mutual promises of marriage of the parties then unmarried, the subsequent violation by the defendant of his promise by his marriage to another woman, and damage resulting thereby to plaintiff. Defendant's answer in substance is a denial of any promise of marriage upon his part.

Appellant's assignments of error number ten. They, however, involve only the following alleged errors, viz., (1) Denial of defendant's motion for a non-suit and his motion for a directed verdict; (2) insufficiency of the evidence to support the verdict; (3) refusal of the court to grant a new trial. The assignment relative to the refusal of the court

to grant a new trial is evidently grounded upon the contention that the evidence was such that the case should not have been submitted to the jury and that the court therefore erred in not granting a new trial, since no other ground of error relative to such refusal is argued in appellant's brief. Consequently, the only question to be resolved is that of the sufficiency of the evidence.

Upon the trial of the case the defendant made no contention that he did not promise to marry plaintiff. His testimony was to the effect that the promise was conditional upon the overcoming of objections of his family to the marriage and that there was also an understanding between the parties that if either should in the interim find someone whom he felt he "could go through life with" each would be released from the obligation of his promise. However, the testimony of plaintiff is to the contrary. True, when defendant moved the court to grant a non-suit, the court indicated that it was inclined to grant the motion because certain responses of plaintiff to questions propounded on cross-examination indicated that there was the condition asserted by defendant coupled with the promise. However, plaintiff moved to withdraw her rest and reopen the case and the court permitted her to do so. She thereupon categorically denied that there was any condition attached to the promise and stated that she misunderstood counsel's questions on cross-examination relative to such matter. The credibility of the witnesses was a matter to be judged by the jury, not the court. No error was committed in refusing, upon resubmission of the motion, to grant a non-suit on the ground that the promise was not unconditional. Since defendant's evidence but raised a conflict as to the nature of the promise, it follows that the court did not err in refusing to direct a verdict for the defendant on such ground.

Defendant makes the further contention, without having in his pleading raised any issue with respect thereto, that

the consideration for his promise was illegal, viz., illicit sexual relations. The parties had been previously married to each other and had been divorced. The divorce decree becoming final, the defendant, according to plaintiff's contention, again wooed and won his former mate, not neglecting at the same time to woo, win and wed another. Some evidence was adduced as to sexual intimacy between the parties before the finality of the divorce decree and subsequent to the promise to marry here involved. There is, however, no evidence whatever that the promise of either was in consideration of such relationship.

Appellant argues—again without any pleading on the subject and although his answer admitted the allegation of the complaint that at the time of the alleged promise the parties were unmarried, and also the allegation thereof that he subsequently married another—that the evidence shows that the divorce obtained from him by respondent was secured through collusion of the parties and without any ground therefor. We are at a loss to understand appellant's position on this point, unless it be that on motion for a directed verdict the court should have set aside the divorce decree, declared void the subsequent marriage of defendant, proclaimed the parties to the present litigation still married, and since they were married at the time of their mutual promise to again marry, declare such promise utterly wanting in consideration. We doubt that such result—even assuming the power of the court to so decree in this case—is one which appellant, in view of his arguments elsewhere in his brief, desires, even to avoid the judgment for damages entered against him. However, perusal of his brief, leaves us dubious as to his objective.

There is no merit to defendant's appeal. The judgment is affirmed. Costs to respondent.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.